IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

SERGEI S. YATES, INDIVIDUALLY AND AS
SOLE BENEFICIARY OF THE CHARLES B.
YATES 1998 IRREVOCABLE TRUST NO. 2
AND THE SERGEI S. YATES SETTLEMENT
TRUST,

               *Plaintiff,*

v.

ROY D. YATES, WINIFRED BENCHLEY,
PNC BANK, AND ROBERT J. DELTUFO,
ESQUIRE

               *Defendants.*

**JURY TRIAL DEMANDED**

Civil Action No.
3:13-cv-03951-PGS-TJB

## AMENDED COMPLAINT

1.      This case involves claims for breach of fiduciary duty brought by Plaintiff Sergei S. Yates, who is the beneficiary of certain trusts as a result of his parents' deaths, against Defendants Roy D. Yates, Winifred "Wendy" Benchley, and PNC Bank, National Association (collectively the "Trustee Defendants"). As alleged in greater detail below, the Trustee Defendants authorized, approved, and facilitated trust distributions to third parties that were not in Plaintiff's best interest, failed to communicate with Plaintiff about the trusts, and distributed trust funds without sufficient explanation or documentation as to the reason for the expense and without ensuring that the funds were actually being used for Plaintiff's benefit. This case also involves claims for negligence against Robert J. DelTufo, Esquire who, throughout the period at issue, served as legal counsel to Sergei and failed to protect his interests or to adequately and thoroughly apprise him of his rights.

## JURISDICTION AND VENUE

2.      This court has diversity jurisdiction over Plaintiff's claims pursuant to 28 U.S.C.

§1332.

3.      Venue is proper under 28 U.S.C. §1391(b) because New Jersey is the situs of the

trusts at issue and the events giving rise to the claim occurred in the District of New Jersey.

## PARTIES

4.      Plaintiff Sergei S. Yates ("Sergei")[1] is an individual and citizen of the state of

Wyoming, with a residence at 2 Marquette Drive, Cody, Wyoming 82414.

5.      Defendant Roy D. Yates ("Roy") is an individual and a citizen of the state of New

Jersey, with a residence at 26 Navajo Road, East Brunswick, New Jersey 08816.

6.      Defendant Winifred "Wendy" Benchley ("Benchley") is an individual and a

citizen of Washington, D.C., with a residence at 5024 Cathedral Avenue N.W., Washington,

D.C. 20016.

7.      Defendant PNC Bank, National Association ("PNC Bank"), is a financial services

organization and a citizen of the State of Pennsylvania, with a corporate address of Two PNC

Plaza, 5th Floor, Pittsburgh, Pennsylvania 15222.

8.      Defendant Robert J. DelTufo, Esquire ("DelTufo") is, and at all relevant times

was, a citizen of the State of New Jersey with a residence at 13 Ober Road, Princeton, New

Jersey, 08540, and a lawyer licensed to practice law in the State of New Jersey with an office a 4

Times Square, New York, New York 10036.

---

[1]      This dispute involves multiple members of the Yates family.  Therefore, to avoid confusion and for
consistency, Plaintiff will refer to members of the Yates family by their first names.

2

## FACTS

### *The Plane Crash*

9.      In or about October of 1994, Sergei was adopted from Russia by Charles B. Yates ("Charles") and Anya Yates ("Anya"), husband and wife, and came to the United States to live with his new family.

10.     On October 6, 2000, Charles and Anya died in a plane crash along with their other two minor children, William Yates and Elena Yates.

11.     Sergei was 16 years old at the time of his parents' death.

12.     Sergei is the sole surviving child of Charles and Anya.

13.     Sergei's father Charles had five children from a previous marriage:  Roy Yates, Valerie Yates, Charles D. Yates, Jessica Yates, and Steven Yates.

14.     As a result of his parents' deaths, Sergei became the beneficiary of a number of trusts, including a trust funded by his parents' life insurance proceeds, a trust funded by a share of his fathers' estate, and a trust funded by his mother's estate.

### *The Insurance Trust*

15.     In or around 1998, before his death, Sergei's father Charles created the Charles B. Yates 1998 Irrevocable Trust No. 2 (hereinafter the "Insurance Trust").  A true and correct copy of the Charles B. Yates 1998 Irrevocable Trust No. 2 agreement is attached as Exhibit A (hereinafter "Insurance Trust Agreement").

16.     Upon information and belief, the Insurance Trust was funded by the proceeds of Charles' life insurance policy, which totaled approximately $3,000,000.00.

17.     Prior to Charles' death, no corpus had been placed in the trust.

3

18.     At or near the time Charles created the Insurance Trust, Anya also created a trust to receive the proceeds of her life insurance policy upon her death.

19.     Upon information and belief, the proceeds of Anya's life insurance policy, which totaled approximately $2,000,000.00, were combined with those of Charles and paid into the Insurance Trust.

20.     The Insurance Trust Agreement named Roy as the initial trustee, and Roy served as the sole trustee from 1998 through late 2004.

21.     Roy later designated Benchley as co-trustee on or about October 20, 2004.

22.     Roy and Benchley appointed PNC Bank as the corporate fiduciary and co-trustee on or about December 10, 2004.

23.     Thus, from late 2004 to present, Roy, Benchley, and PNC Bank have served as co-trustees of the Insurance Trust.

24.     Under the Insurance Trust, the "trustees may pay to or apply for the benefit of SERGEI so much, all, or none of the income or principal or both of SERGEI'S separate subtrust as the trustees, in the sole and absolute discretion of the trustees, shall deem necessary or desirable for SERGEI'S support, maintenance, health (including medical, dental, hospital and nursing expenses and expenses of invalidism) and education (including, without limitation, a primary, secondary, vocational, college, graduate and professional education)."[2]  Ex. A, Insurance Trust Agreement ¶7(d)(2).

25.     The Insurance Trust will automatically terminate upon Sergei's death and be distributed per stirpes to his descendants.  Ex. A, Insurance Trust Agreement ¶7(d)(2).

---

[2]     This excerpt refers to a "subtrust" for Sergei. The Insurance Trust Agreement was created for the benefit of Sergei, Elena, and William Yates. It created three subtrusts, one for each child. Because Elena and William died along with their parents, there is no need to make reference to the three separate subtrusts. Therefore, the reference to a "subtrust" is inapposite for purposes of this Complaint.

26.     Sergei has three minor children as of the date of this filing.

27.     The Insurance Trust, however, also gives the Trustee Defendants discretion to terminate the trust when Sergei reaches 30 years of age.  Ex. A, Insurance Trust Agreement ¶7(d)(2).

28.     Sergei is 29 years old as of the date of this filing.

29.     The Insurance Trust is governed by the law of the trust situs, which is New Jersey.  Ex. A, Insurance Trust Agreement ¶15(A).

### *The Will Contest and Creation of the Settlement Trust*

30.     Subsequent to his father's death, and while still a minor, Sergei became involved in a controversy with his half-brothers and half-sisters over the proper distribution of their father's estate.

31.     Sergei's father, Charles, had a Will at the time of his death, which provided that one-half of his residual estate would be paid to Anya and the other one-half would be paid to his seven natural children, Roy, Charles D., Steven, Valerie, Jessica, Elena, and William.

32.     Charles' Will further provided that, if Anya did not survive him, the one-half of his estate set aside for her should be held in trust for the benefit of their three children, William, Elena, and Sergei.

33.     Nevertheless, the Co-Executors of the Estate of Charles B. Yates ("Charles' Estate") – Roy, Charles D., and Valerie – filed an action in Probate Court (hereinafter the "Will Construction Action"), purportedly because the will did not clearly provide for the contingency of Charles, Anya, and two of their three children dying in a common accident. [3]

---

[3]     The Will Construction Action is captioned *In the Matter of the Estate of Charles B. Yates*, Docket No. MER-00167, Superior Court of New Jersey, Mercer County.

34.     The Will Construction Action eventually was resolved via settlement in or about the fall of 2004.  The Order Approving Settlement is attached as Exhibit B, and the Memorandum of Understanding Settlement Agreement (hereinafter "Memorandum of Understanding") is attached as Exhibit C.

35.     Pursuant to the terms of the Settlement Agreement, Sergei was to receive one-sixth of Charles' Estate, which was his share equally divided among he and Charles' five other children.

36.     Sergei's one-sixth share of Charles' Estate was to be placed in trust, now known as the Sergei S. Yates Settlement Trust (hereinafter the "Settlement Trust").  The Sergei S. Yates Settlement Trust Agreement (hereinafter "Settlement Trust Agreement") is attached as Exhibit D.

37.     Roy, Benchley, and PNC Bank also serve as trustees for the Settlement Trust, and have done so since its inception.

38.     Under the Settlement Trust Agreement, the "Trustees shall pay to Sergei [i] so much of the income and principal of the trust as the Trustees, in their discretion, determine for his health, education, maintenance, and support and [ii] so much additional principal as the Independent Trustees, in their sole and absolute discretion determine for his comfort and welfare."  Ex. D, Settlement Trust Agreement, Art. II(A)(1).

39.     The Settlement Trust terminates upon Sergei's death.  Ex. D, Settlement Trust Agreement, Art. II(A)(3).

40.     The Settlement Trust is governed by the laws of the State of New Jersey.  Ex. D, Settlement Trust Agreement, Art. IX(B).

41.     DelTufo represented Sergei in the Will Construction Action.

42.     In addition to serving as Sergei's individual counsel, upon information and belief, DelTufo drafted the Settlement Trust Agreement.

### The Wrongful Death Claim

43.     Anya's estate filed a wrongful death claim (hereinafter the "Wrongful Death Action") against Charles' Estate.[4]

44.     The Wrongful Death Action was prosecuted on Sergei's behalf by Susan Whipple, Anya's sister and the Administrator of the Estate of Anya Yates ("Anya's Estate").

45.     The Wrongful Death Action was settled as part of the agreement reached in the Will Construction Action, the proceeds of which were for the benefit of Sergei. *See* Ex. B, Order, and Ex. C, Memorandum of Understanding.

46.     The proceeds of the settlement in the Wrongful Death Action are paid to Sergei in monthly installments and were not placed in trust.

### Anya's Estate Trust

47.     Sergei's mother Anya died without a Will, and the entirety of Anya's Estate passed by intestacy to Sergei.

48.     The proceeds of Anya's Estate were placed in the Sergei S. Yates 2006 Trust (hereinafter "Anya's Estate Trust"), which was established under the laws of the State of New York and administered under the laws of the State of Wyoming.

49.     The trustee of Anya's Estate Trust was Jody M. Vannoy, Esquire, a lawyer licensed to practice in the State of Wyoming.

50.     DelTufo also represented Sergei's interests regarding Anya's Estate Trust.

---

[4]     The action was captioned *Susan Whipple, Administratrix and Administratrix Prosequendum of the Estate of Anya Yates, Deceased v. Roy Yates, Valerie Yates, and Charles D. Yates, Co-Executors of the Estate of Charles B. Yates, Deceased and Keith Corporation*, Docket No. MID-L-2888-02, in the Superior Court of New Jersey, Law Division, Middlesex County.

51.     Vannoy was chosen to serve as trustee of Anya's Estate Trust at the direction and insistence of Roy, Benchley, and DelTufo.

52.     In addition to serving as Sergei's individual counsel, upon information and belief, DelTufo drafted the trust agreement for Anya's Estate Trust.

### Administration of the Trusts

53.     Sergei believed that that the trustees of the Insurance Trust and the Settlement Trust – Roy, Benchley, and PNC Bank – were adequately performing their duties as trustees.

54.     Unbeknownst to Sergei, a series of events began to unfold in the summer of 2010 that told a very different story about the administration of his trusts.

55.     Sometime in or around the summer of 2010, Sergei made several requests to Vannoy for a statement of current assets in Anya's Estate Trust.

56.     Vannoy failed to provide a statement and Sergei initiated an action against her in Wyoming on or around October 21, 2010 (hereinafter the "Wyoming Litigation").[5]

57.     In or about late 2011, during the course of discovery in the Wyoming Litigation, Sergei learned that the Trustee Defendants had, for a number of years, been paying to Vannoy sums of money from both the Insurance Trust and the Settlement Trust, purportedly on behalf of or for the benefit of Sergei.

---

[5]     The case was captioned *In re: the Sergei S. Yates 2006 Trust Agreement*, Civil Action No. 26306, filed in the Fifth Judicial District Court for the State of Wyoming, Park County. The Wyoming Litigation only concerned Anya's Estate Trust and did not seek any relief as to the Insurance Trust or the Settlement Trust, which are at issue here. On August 16, 2012, the Honorable John G. Fenn, District Judge of Wyoming, Fifth District, entered his Findings of Fact, Conclusions of Law, and Judgment, finding in favor of Sergei and against Vannoy for breach of fiduciary duty, breach of her duty to inform and report to Sergei, failure to provide an accounting, fraudulent conveyance of property/constructive fraud, nondisclosure/fraudulent concealment, money had and received, misappropriation of funds, and conversion. The court found that Vannoy had misappropriated over $695,000.00 of funds from the Sergei S. Yates 2006 Trust. The matter was also referred to the Wyoming State Bar for disciplinary action, and Vannoy has since been disbarred.

58.    Those sums included, but were not limited to:

a.    Rent for a property located at 27 Bartlett Lane, Cody, Wyoming

(hereinafter "Bartlett Lane Property"), owned by Vannoy that Sergei

believed he was using rent-free;

b.    Improvements to the Bartlett Lane Property by way of a construction

project, that included the purchase and installation of a mobile home on

the property, perimeter and privacy fencing for the 15-acre property,

landscaping, and the addition of a driveway, for which over $200,000.00

of trust funds were distributed to Vannoy and were not secured in any

way;

c.    The purchase of an automobile that had already been paid for from another

trust, which resulted in the distribution of trust funds in excess of

$100,000.00 for a vehicle with an initial cost of $36,000.00;

d.    Payments to Vannoy for her "Professional Services" in acting as a "mom"

to Sergei and as an intermediary between the Trustee Defendants and

Sergei, which were made in quarterly payments of $15,000.00 for a period

of years and which were not known by or disclosed to Sergei;

e.    Reimbursements to Vannoy for "advances" she allegedly made to Sergei

to cover his expenses and/or bills, many of which had already been paid

for from another trust or were not incurred by or on behalf of Sergei;

f.    The creation, maintenance, and funding of bank accounts with trust funds

that only Vannoy had access to and about which Sergei was unaware; and

g.    Other sums paid to Vannoy that purportedly were for Sergei's benefit,

without sufficient documentation or receipts, which were diverted for

Vannoy's personal use.

59.    At no time prior to the fall of 2011 did the Trustee Defendants inform, advise,

seek approval from, or otherwise communicate with Sergei regarding the trust funds distributed

to Vannoy.

60.    At no time did the Trustee Defendants seek or obtain an accounting for the

expenditures of any trust funds they sent to Vannoy purportedly for Sergei's benefit.

61.    The Trustee Defendants failed to conduct any form of due diligence before or

after sending trust funds to Vannoy purportedly for Sergei's benefit.

62.    The Trustee Defendants failed to monitor, oversee, or otherwise account for trust

funds sent to Vannoy.

63.    The Trustee Defendants had little or no documentation, receipts, or invoices for

the sums requested by Vannoy, and in many instances relied on so-called invoices created by

Vannoy or requests submitted by Vannoy via email.

64.    Because of the Trustee Defendants' lack of care in performance of their fiduciary

duties, Vannoy absconded with an as yet undetermined amount of trust funds belonging to

Sergei, some or all of which was released to her by the Trustee Defendants.

65.    Vannoy has failed to appear at scheduled court hearings for the Wyoming

Litigation, is a fugitive from justice, and her current whereabouts are unknown.

66.    The Trustee Defendants further breached their duties to Sergei by advising and

permitting him to enter into a mortgage transaction wherein PNC Bank, a trustee, was permitted

to provide a loan secured by trust assets to Sergei for the purchase of a home.

67.     The loan transaction clearly created a conflict of interest for PNC Bank that was incompatible with its duty of loyalty to Sergei.

68.     At no time did PNC Bank, Roy, or Benchley inform Sergei of the conflict, including the relevant facts of the transaction, the resultant divided loyalty, and the possible consequences of the conflict.

69.     In fact, the Trustee Defendants' fiduciary relationship was plagued by a general lack of communication with Sergei that prevented them from adequately and competently performing their fiduciary duties as trustees.

### Sergei's "Independent" Counsel

70.     Beginning in or about 2003, DelTufo served as legal counsel to Sergei for a number of matters, including the Will Construction Action, the Wrongful Death Action, guardianship proceedings, the creation of the Settlement Trust, and the creation of Anya's Estate Trust.

71.     Upon information and belief, DelTufo was recommended by Benchley and paid by the trusts to serve as legal counsel to Sergei.

72.     DelTufo was actively involved in negotiating settlement terms on behalf of Sergei with respect to his rights under his father's Will.

73.     Despite Sergei's apparent right to one-half of Charles' Estate, DelTufo advised Sergei to accept one-sixth of the Estate in settlement of the Will Construction Action.

74.     DelTufo also accepted settlement of the Wrongful Death Action on behalf of Anya's estate, of which Sergei was the sole beneficiary.

75.     DelTufo was instrumental in identifying Vannoy to the Trustee Defendants, and she later came to serve as an intermediary between the trustees and Sergei.

76.     DelTufo was fully aware that funds from the Insurance Trust and the Settlement Trust were being distributed to Vannoy, and that such distributions were made without the advice or consent of Sergei, his client.

77.     Despite his knowledge of Vannoy's unlimited access to and receipt of trust funds, DelTufo did nothing to protect Sergei's interests from the Trustee Defendants' breaches of duty or Vannoy's misconduct.

78.     DelTufo also permitted Sergei to enter into questionable transactions, including but not limited to a mortgage secured by trust funds and administered by PNC Bank that presented an obvious conflict of interest, and encouraged Sergei to rely on and give authority to individuals that were not vetted or otherwise screened to assume such a fiduciary role, including but not limited to Vannoy.

79.     Moreover, DelTufo failed to properly, directly, and thoroughly communicate with Sergei throughout the course of their representation of him, choosing instead to communicate important information to Roy, Benchley, and/or Vannoy.

80.     Upon information and belief, DelTufo had a meretricious relationship with Vannoy that was in conflict with his duty to Sergei, his client.

81.     DelTufo labored under this conflict of interest to Sergei's detriment, thereby depriving Sergei of legal counsel.

82.     At all times, DelTufo was acting within the course and scope of his role as legal counsel to Sergei.

**INJURIES AND DAMAGES**

83.     The Trustee Defendants failed to protect the assets of the Insurance Trust and the Settlement Trust, which includes both the trust corpus and trust income, and authorized,

approved, and facilitated distributions of trust funds without the appropriate documentation, all of which resulted in trust assets being wasted and squandered.[6]

84.     Sergei suffered, and continues to suffer, harm as a result of the Trustee Defendants' breach of their fiduciary duties to him, including but not limited to lost trust assets, lost trust income, payment of unnecessary fees and expenses to the Trustee Defendants, legal fees, humiliation, and embarrassment.

85.     DelTufo failed to adequately represent Sergei's interests in the Will Construction Action and the Wrongful Death Action, failed to disclose to Sergei information within their knowledge about Vannoy's access to and receipt of trust funds, failed to adequately and thoroughly communicate with Sergei, and labored under a conflict of interest as to DelTufo's relationship with Vannoy.

86.     Sergei suffered, and continues to suffer, harm as a result of DelTufo's conduct, including but not limited to, lost trust assets, lost trust income, payment of unnecessary fees and expenses, legal fees, humiliation, and embarrassment.

## COUNT I – BREACH OF FIDUCIARY DUTY
### Sergei S. Yates v. Roy D. Yates, Winifred Benchley, and PNC Bank

87.     Plaintiff incorporates the preceding paragraphs as if fully set forth in this Count.

---

[6]     On February 13, 2013, PNC Bank filed a Verified Complaint for the First Interim Accounting of the Sergei S. Yates Settlement Trust ("Settlement Trust") and a Verified Complaint for the Second Interim Accounting of the Charles B. Yates 1998 Irrevocable Trust No. 2 ("Insurance Trust") in the Superior Court of New Jersey, Chancery Division, Probate Part, Mercer County.  On that same day, Roy filed a Verified Complaint for the First Interim Accounting of the of the Charles B. Yates 1998 Irrevocable Trust No. 2 in the same court.  Sergei has moved to stay each of those proceedings and/or dismiss each Complaint without prejudice pending the outcome of this litigation on the grounds that (1) an action to settle an accounting (which seeks equitable relief) is not the proper form in which to litigate the breach of fiduciary duty claim at issue here, and (2) a stay is required to prevent inconsistent rulings and conserve juridical resources.  The motion to stay is pending as of the date of this filing.

88.     Defendants Roy D. Yates, Winifred Benchley, and PNC Bank were in a fiduciary relationship with Plaintiff Sergei S. Yates as trustees of the Charles B. Yates 1998 Irrevocable Trust No.2, of which Sergei is the sole beneficiary.

89.     Defendants Roy D. Yates, Winifred Benchley, and PNC Bank were in a fiduciary relationship with Plaintiff Sergei S. Yates as trustees of the Sergei S. Yates Settlement Trust, of which Sergei is the sole beneficiary.

90.     Roy, Benchley, and PNC Bank were under a duty to act for the benefit of Sergei on matters within the scope of their relationship as trustees.

91.     Roy, Benchley, and PNC Bank were obligated to act in accordance with a duty of loyalty and a duty to exercise reasonable skill and care in their administration of the trusts for Sergei's benefit.

92.     Roy, Benchley, and PNC Bank failed to act with the requisite duty of loyalty and duty of reasonable care in their administration of the trusts for Sergei's benefit, which resulted in the loss of significant trust funds, including but not limited to those breaches of duty and losses described in paragraphs 58 through 69, above.

93.     Roy, Benchley, and PNC Bank acted with wanton and willful disregard for the rights of Sergei as the sole beneficiary of the trusts, to include an extreme and reckless disregard for the consequences of their reliance on and use of Vannoy in their roles as trustees.

94.     Accordingly, Roy, Benchley, and PNC Bank are liable for harm resulting from a breach of the duties imposed by the existence of that fiduciary relationship, including but not limited to lost trust assets, lost trust income, payment of unnecessary fees and expenses to the Trustee Defendants, legal fees, humiliation, and embarrassment.

WHEREFORE, Plaintiff Sergei S. Yates respectfully requests that this Court enter judgment in his favor and against Defendants Roy D. Yates, Winifred Benchley, and PNC Bank for a sum in excess of $75,000 in compensatory and punitive damages together with lawful interests and costs.

### COUNT II – EQUITABLE RELIEF FOR THE REMOVAL AND REPLACMENT OF THE TRUSTEES
### Sergei S. Yates v. Roy D. Yates, Winifred Benchley, and PNC Bank

95.    Plaintiff incorporates the preceding paragraphs as if fully set forth in this Count.

96.    Roy D. Yates, Winifred Benchley, and PNC Bank currently serve as trustees for the Charles B. Yates 1998 Irrevocable Trust No.2, of which Plaintiff Sergei S. Yates is the sole beneficiary.

97.    Roy D. Yates, Winifred Benchley, and PNC Bank currently serve as trustees for the Sergei S. Yates Settlement Trust, of which Plaintiff Sergei S. Yates is the sole beneficiary.

98.    As set forth in this Complaint, Roy, Benchley, and PNC Bank breached their fiduciary duties to Sergei.

99.    Moreover, the initiation of this action creates a conflict of interest that prevents Roy, Benchley, and PNC Bank from continuing to serve in their capacity as trustees.

100.    To prevent further breaches of duty and additional harm to Sergei, Roy, Benchley, and PNC Bank must be removed from their position as trustees, relieved of their duties, and replaced by trustees of Sergei's choosing.

WHEREFORE, Plaintiff Sergei S. Yates respectfully requests that this Court remove Defendants Roy D. Yates, Winifred Benchley, and PNC Bank as trustees of the Charles B. Yates 1998 Irrevocable Trust No. 2 and the Sergei S. Yates Settlement Trust, and replace them with trustees selected by Sergei S. Yates.

## COUNT III – NEGLIGENCE
### Sergei S. Yates v. Robert J. DelTufo, Esquire

101.    Plaintiff incorporates the preceding paragraphs as if fully set forth in this Count.

102.    Robert J. DelTufo, Esquire served as legal counsel to Sergei S. Yates for a number of matters, including the Will Construction Action, the Wrongful Death Action, guardianship proceedings, the creation of the Settlement Trust, and the creation of Anya's Estate Trust.

103.    As legal counsel to Sergei, DelTufo owed a duty of care to Sergei.

104.    DelTufo breached that duty of care by failing to adequately represent Sergei's interests in the Will Construction Action and the Wrongful Death Action, failing to disclose to Sergei information within their knowledge about Vannoy's access to and receipt of trust funds, and laboring under a conflict of interest as to DelTufo's relationship with Vannoy.

105.    DelTufo also breached that duty of care by permitting Sergei to enter into questionable transactions, including but not limited to a mortgage secured by trust funds and administered by PNC Bank that presented an obvious conflict of interest, and encouraged Sergei to rely on and give authority to individuals that were not vetted or otherwise screened to assume such a fiduciary role, including but not limited to Vannoy.

106.    DelTufo's conduct was a substantial factor contributing to Sergei's harm, including but not limited to lost trust assets, lost trust income, payment of unnecessary fees and expenses to the Trustee Defendants, legal fees, humiliation, and embarrassment.

107.    DelTufo acted with wanton and willful disregard for the rights of Sergei, to include an extreme and reckless disregard for the consequences of his reliance on and use of Vannoy in his roles as legal counsel to Sergei and his utter failure to protect Sergei's interests.

WHEREFORE, Plaintiff Sergei S. Yates respectfully requests that this Court enter judgment in his favor and against Defendant Robert J. DelTufo, Esquire for a sum in excess of $75,000 in compensatory and punitive damages together with lawful interests and costs.

## DEMAND FOR JURY TRIAL

108.    Plaintiff hereby demands a trial by jury as to all issues.

Respectfully Submitted,

DANIELLE M. WEISS, ESQ.
*Attorney for Plaintiff*
Haines & Associates
1835 Market Street
Suite 2420
Philadelphia, Pennsylvania 19103
215-246-2200 Phone
215-246-2211 Fax

*Of Counsel on the Pleading:*
CLIFFORD E. HAINES, ESQ., PA ID 09882
LAUREN A. WARNER, ESQ., PA ID 200620
Haines & Associates

Dated: July 22, 2013

17